**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV542-C**

| | |
|---|---|
| **DISABLED PATRIOTS OF AMERICA, INC., A FLORIDA NOT-FOR-PROFIT CORPORATION AND OWEN HARTY, INDIVIDUALLY,** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |
| **MEIMEI FU, INDIVIDUALLY A/K/A MORGAN ENTERPRISES, INC. D/B/A FOUR POINTS BY SHERATON,** ) ) ) ) ) | |
| **Defendant.** ) ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss" (document #9) filed February 6, 2009 and "Plaintiffs' Motion to Correct Defendant's Name " (document #15), filed March 11, 2009; and parties associated briefs and exhibits (documents #10, 12, 13, 14, 17 and 18).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Motions are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendant's Motion to Dismiss be <u>granted</u>, as discussed below. Moreover, the undersigned respectfully recommends that the Plaintiffs' Motion to Correct Defendant's Name be <u>denied as moot</u>.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Disabled Patriots of America, Inc., a Florida not-for-profit corporation, and Owen Harty, individually, (together "Plaintiffs") filed this action on November 26, 2008 alleging violations of Title III of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. §12181, et. seq., at the Four Points by Sheraton Hotel located at 315 E. Woodlawn Road in Charlotte, North Carolina (the "Facility"). Plaintiffs initially filed this action on November 26, 2008 against Starwood Hotels and Resorts Worldwide, Inc., who was later voluntarily dismissed from the case. On December 12, 2008, Plaintiffs filed an Amended Complaint adding Defendant "Meimei Fu Individually a/k/a Morgan Enterprises, Inc d/b/a Four Points by Sheraton." The Summons dated December 12, 2008 was directed to:

> MEIMEI FU a/k/a MORGAN ENTERPRISES INC.
> Four Points by Sheraton
> 315 E. Woodlawn Road
> Charlotte, NC 28217

The caption on the Summons stated "Disabled Patriots and Owen *Dunn* [sic] v. Starwood and Memi Fu aka Morgan Ent." The "Proof of Service" filed by Plaintiffs on January 4, 2009, contained a returned certified mail receipt dated December 19, 2008 with the following address: 315 E. Woodlawn Road, Charlotte, NC 28217. On February 6, 2009, Defendant Meimei Fu ("Fu") filed this Motion to Dismiss under Rules 12(b)(1), (4), (5) and (6) of the Federal Rules of Civil Procedure, arguing that Plaintiffs' lacked standing to sue, had not effectuated proper service of the Summons and Amended Complaint, and failed to state a claim upon which relief may be granted.

2

## II. DISCUSSION OF CLAIMS

### A. MOTION TO DISMISS FOR LACK OF STANDING UNDER RULE 12(b)(1)

#### 1. Standard of Review

The existence of subject matter jurisdiction is a threshold issue. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999).

The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

In order to satisfy the standing requirement found under Article III, Section 2 of the U.S. Constitution, "the party invoking federal court jurisdiction must show that (1) it has suffered an injury in fact, (2) the injury is fairly traceable to the defendants' actions, and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision." Long Term Care Partners, LLC v. United States, 516 F.3d 225, 230-231 (4th Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)); see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 154 (4th Cir. 2000)(en banc). To meet the first requirement the plaintiff "must demonstrate an injury in fact that is concrete and particularized, and actual or

imminent, as opposed to conjectural or hypothetical." Long Term Care, 516 F.3d at 230-31. The standing requirement is designed to guarantee that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of the dispute appropriate. Id. (citing Emery v. Roanoke City Sch. Bd., 432 F.3d 294, 298 (4th Cir. 2005) (internal quotations omitted)).

### 2. **Analysis**

In its Motion to Dismiss, Defendant argues that Harty lacks standing because he cannot demonstrate an injury in fact or specific intent to return to the hotel, and that Disabled Patriots of America, Inc. lacks standing to bring a claim on behalf of its members without individualized proof of injury.

In the Complaint, Harty asserts that he "attempted to and has, to the extent possible, accessed the Facility, but could not do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility..." (Compl. ¶13.) In support of this allegation, Harty identifies twenty-two specific physical barriers he allegedly encountered at the Facility. (Id. ¶16.) In addition, Harty represents that he "intends to visit the Facility again in the near future," but he is unable to do so as a result of his disability. (Id. ¶14.) Plaintiff asserts that "[i]ndependent of other subsequent visits, Plaintiff intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises." (Id. ¶4.)

In addition to the Complaint, Harty also filed an affidavit in response to the Defendant's Motion to Dismiss. Accepting Harty's affidavit as true, as we must at this stage of the proceeding, Harty, a Florida resident, is a paraplegic, being paralyzed from the waist down, and therefore is wheelchair bound and mobility impaired. He is a certified firearms instructor and travels back and

forth between Florida and North Carolina frequently because he has many business contacts in North Carolina. Specifically, Harty explains that North Carolina is home to many excellent gun shows where he has been able to obtain information and literature not easily available elsewhere and negotiate better prices for books and gun accessories. Additionally, he meets many potential new clients at these gun shows. Furthermore, Harty avers that he would like to move to North Carolina and to celebrate his anniversary he is taking his wife to Charlotte to persuade her to move to North Carolina. He has a reservation at the Facility even though he is deterred from using all parts of the hotel because of the violations listed in his Complaint. In addition to Harty's affadavit, Plaintiffs also filed photographs of exposed pipes in the restroom and fixed seating at the Facility, both of which the Plaintiffs have alleged are violations of the ADA.

As Harty has asserted a continuing desire to fully access the Facility and an inability to do so as a result of the Defendant's alleged failure to comply with their obligations of public accommodation, the undersigned finds that these allegations satisfy the requirements to establish Plaintiff Harty's standing under Title III of the ADA, and therefore, recommends that Defendant's Motion to Dismiss on 12(b)(1) grounds against Plaintiff Harty be <u>denied</u>.

Plaintiff Disabled Patriots of America, Inc. ("DPA") is a Florida not-for-profit organization which represents "the interests of its member(s) and other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities." (Compl. ¶3.) With respect to organizational standing, the U.S. Supreme Court has held that

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

5

Hunt v. Washington State Apple Advertising Comm'n. 432 U.S. 333, 343 (1977)); see also Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 181 (2000).

As discussed above, individual member Harty has standing to sue in his own right without DPA, so, the first element of the Hunt test is satisfied. Because this case is germane to DPA's organizational purpose, insuring places of public accommodation are accessible to disabled persons, the second element of the Hunt test is satisfied. Finally, because the injunctive nature of the remedy sought in this case would benefit all members of DPA regardless of their individualized injuries, the participation of individual members is not required. See Hunt, 432 U.S. at 343. (individual participation is not normally necessary when an association seeks prospective or injunctive relief for its members). Consequently, the undersigned finds that Plaintiff DPA has standing under Title III of the ADA, and therefore, recommends that Defendant's Motion to Dismiss on 12(b)(1) grounds against Plaintiff DPA be denied.

### B. MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE UNDER RULES 12(b)(4) AND 12(b)(5)

**1. Standard of Review**

Defendant argues that Plaintiffs' Complaint should be dismissed for insufficiency of process under Federal Rule of Civil Procedure 12(b)(4) because the Summons issued with the Amended Complaint failed to correctly name the parties, and did not list a correct address for Defendant Fu. Defendant also challenges the service of process and moves for dismissal under Federal Rule of Civil Procedure 12(b)(5), insofar as the Summons and Amended Complaint were not served on Defendant Fu in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. The undersigned will first address Defendant's Motion to Dismiss for insufficient service of process.

"The plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). "Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding is commenced, service of the summons and complaint must be accomplished in that manner." Thomas & Howard Co. v. Trimark Catastrophe Servs., 151 N.C.App. 88, 91, 564 S.E.2d 569, 572 (2002) (citing Fulton v. Mickle, 134 N.C.App. 620, 623, 518 S.E.2d 518, 520-21 (1999)). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." Id. (internal citation omitted). Rule 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Building Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

**2. Analysis**

The record shows that the Facility is owned by Omnivita Hospitality, Inc. ("Omnivita"), a limited liability company organized and existing under the laws of the State of Illinois. Defendant Fu is the Secretary and Registered Agent for Omnivita. Morgan Enterprise, Inc., a corporation organized and existing under the laws of the State of North Carolina has leased the Facility from Omnivita since May 28, 2006. Defendant Fu is the registered agent for Morgan Enterprise, Inc. with its registered office address at 315 E. Woodlawn Road, Charlotte, North Carolina 28217.

Plaintiffs initially sued the franchisors of Four Points by Sheraton, Starwood Hotels and Resorts Worldwide. Starwood advised Plaintiffs through a letter dated December 5, 2008 that the "franchisee of the Hotel at the time was Morgan Enterprises, Inc., and the principal contact is Ms.

7

Meimei Fu." Based on this information, Plaintiffs voluntarily dismissed the claim against Starwood and filed an Amended Complaint against "Defendant Meimei Fu, Individually aka Morgan Enterprises, Inc. dba Four Points by Sheraton" on December 12, 2008. Plaintiffs argue that this is the proper defendant because Morgan Enterprises, Inc. (with an "s" at the end of Enterprise) is a "ghost" corporation that does not have an actual corporate existence but is the franchisee of the Facility and therefore, Defendant Fu is responsible as the incorporator of the non-existent franchisee and Morgan Enterprises, Inc. is a name under which Defendant Fu is doing business. Consequently, Plaintiffs sued Defendant Fu as an individual and thus, service of process must comply with Rule 4 of the Federal Rules of Civil Procedure with respect to service on an individual.

Fed. R. Civ. P. Rule 4(e)(1) provides as follows:

[u]nless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made....

Accordingly, the Plaintiffs were required to serve the Summons and the Complaint according to the manner prescribed by North Carolina law, that is, in one of the following ways:

a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C.

> § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

In this case, the Summons and Amended Complaint naming Fu, individually, as a Defendant were sent to 315 E. Woodlawn Road, Charlotte, NC 28217, where apparently an employee of the Facility signed the certified mail receipt. According to Fu's affidavit, filed in support of her Motion to Dismiss, Fu is a citizen and resident of the State of Illinois, and she has never resided at any time at the address listed on the "Proof of Service." (Affidavit ¶¶1-2). Because 315 E. Woodlawn Road is not the Defendant's address or dwelling, the service of process on Defendant Fu, as an individual, was defective under Rule 4(e) of the Federal Rules of Civil Procedure.

Plaintiffs argue that Defendant was not harmed or misled and cannot make any arguments based on insufficient service of process. They contend that Fu was served at 315 E. Woodlawn Road, Charlotte, NC 28217 where she is listed as registered agent for Morgan Enterprise, Inc. Plaintiffs also contend that Fu received and read the Amended Complaint, and contacted Plaintiffs' counsel to request an extension of time to respond. Plaintiffs' counsel filed a Motion for Extension of Time to Respond to Complaint as a favor to Fu. In Fu's Supplemental Affidavit, filed in support of the Motion to Dismiss, Fu states that she first became aware of the present action on or about December 19, 2008 when an employee of the Facility notified her that certain legal papers had been delivered to the Facility bearing her name. (Supplemental Affidavit ¶3.) Fu also acknowledges that she called the Plaintiffs' attorney on January 6, 2009 to inquire about the present lawsuit. (Id. ¶5.)

While we recognize that Defendant Fu had notice of the present action, our Courts "have repeatedly held that actual notice is not a valid substitute for service when that service does not comply with the statute." Stack v. Union Regional Memorial Medical Center, Inc., 171 N.C.App. 322, 328, 614 S.E.2d 378, 382 (N.C.App. 2005). Service in this case was insufficient. Accordingly, the undersigned respectfully recommends that the Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) be granted. Because this ruling is dispositive on the issue of process, the undersigned declines to address the Motion to Dismiss on Rule 12(b)(4).[1]

Since there was no valid service of process, the Court acquired no jurisdiction over the Defendant and therefore, the undersigned does not reach the merits of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6). Furthermore, the undersigned respectfully recommends that the Plaintiffs' Motion to Correct the Defendant's Name be denied as moot.

Accordingly, for the reasons stated herein, the undersigned respectfully recommends that Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) be denied; Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) be granted; and Plaintiffs' claims be dismissed without prejudice.

### III. ORDER

**IT IS ORDERED** that:

1. The Plaintiffs "Motion to Correct Defendant's Name" (document #15) is **DENIED AS MOOT**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

---

[1] While not ruling on the issue, the undersigned does note that the Plaintiffs' Summons accompanying the Amended Complaint incorrectly listed the Plaintiff as Owen Dunn and misspelled Defendant Fu's name.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss ..." (document #9) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties, <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO RECOMMENDED AND ORDERED**.

Signed: April 24, 2009

David S. Cayer
United States Magistrate Judge